UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEANA M. MANCUSO-ROSNER,            17-CV-1019-MJR
                                                           DECISION AND ORDER
                    Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 13).

Plaintiff Deana Mancuso-Rosner brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Mancuso-Rosner's motion (Dkt. No. 11) is granted, the Commissioner's motion (Dkt. No. 15) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## **BACKGROUND**

On December 16, 2013, Mancuso-Rosner filed applications for DIB and SSI alleging disability since September 30, 2012 due to herniated discs, degenerative disc disease, diabetes, arthritis, rheumatoid arthritis, bursitis, depression, and thyroid

problems. (*See* Tr. 80, 176-83, 231).[1] Born in 1961, Mancuso-Rosner was fifty-two years old at the time of her applications. (Tr. 176). Mancuso-Rosner's applications were denied on February 10, 2014 (Tr. 80-91, 94-101) after which she requested a hearing before an Administrative Law Judge (Tr. 102-03). On April 4, 2016, Mancuso-Rosner appeared with counsel before Administrative Law Judge Melissa Lin Jones (the "ALJ") for a hearing. (Tr. 38-79). On April 27, 2016, the ALJ issued her decision denying Mancuso-Rosner's DIB and SSI claims. (Tr. 7-26). Mancuso-Rosner requested review by the Appeals Council (Tr. 160-61), but on August 11, 2017, the Appeals Council denied Mancuso-Rosner's request, making the ALJ's decision the final decision of the Commissioner (Tr. 1-6). This action followed.

## DISCUSSION

### I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*,

---

[1]      References to "Tr." are to the administrative record in this case.

312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind

of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets

the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1)*.* If, however, the claimant cannot

adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III. *The ALJ's Decision*

The ALJ followed the required five-step analysis for evaluating disability claims. Under step one, the ALJ found that Mancuso-Rosner has not engaged in substantial gainful activity since September 30, 2012, her alleged onset date. (Tr. 12). At step two, the ALJ concluded that Mancuso-Rosner has the following severe impairments: degenerative disc disease, sleep apnea, and obesity. (*Id.*). At step three, the ALJ found that Mancuso-Rosner does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 14). Before proceeding to step four, the ALJ assessed Mancuso-Rosner's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in [20 C.F.R. §§404.1567(b) and 416.967(b)][2] except the claimant can never climb ladders or scaffolds or operate foot controls with the right foot. She can only occasionally climb ramps and stairs, kneel, crouch, crawl, or work in exposure to dust, odors, fumes and pulmonary irritants. The claimant is limited to simple, routine tasks and making simple work-related decisions. She will have a sit/stand option where she will be able to sit for 30 minutes and stand for 10 minutes and still remain on task.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities." 20 C.F.R. §§404.1567(b), 416.967(b).

(Tr. 15-16). Proceeding to step four, the ALJ found that Mancuso-Rosner is capable of performing her past relevant work as a recreation aide. (Tr. 19). In the alternative, the ALJ proceeded to step five where she considered Mancuso-Rosner's age, education, work experience, RFC, and the testimony of a vocational expert to conclude that Mancuso-Rosner can perform jobs that exist in significant numbers in the national economy, such as office helper, information clerk, and mail clerk. (Tr. 20-21). Accordingly, the ALJ found that Mancuso-Rosner has not been under a disability within the meaning of the Act from her alleged onset date of September 30, 2012 through the date of the ALJ's decision. (Tr. 21).

IV. *Mancuso-Rosner's Challenge*

Mancuso-Rosner argues that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ incorrectly evaluated the opinion of consultative examiner Dr. Hongbiao Liu. (*See* Dkt. No. 11-1 (Pltf. Memo. of Law) at 23-26).

The ALJ must assess the claimant's RFC based on all the relevant medical and other evidence in the record. *See* 20 C.F.R. §§404.1545(a)(3); 416.945(a)(3). "[I]f the ALJ's 'RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted.'" *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (quoting Social Security Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996)). Relatedly, "when an ALJ adopts only portions of a medical opinion, he must explain why he rejected the remaining portions." *McFarland-Deida v. Berryhill*, No. 17-CV-6534-FPG, 2018 WL 1575273, at *3 (W.D.N.Y. Apr. 2, 2018).

Here, Dr. Liu opined that Mancuso-Rosner "has mild to moderate limitations for prolonged walking, bending, kneeling, and overhead reaching" and "should avoid dust

and other irritating factors to limit [an] asthma attack." (Tr. 320-27). In determining that Mancuso-Rosner can perform a range of light work, the ALJ gave "great weight" to Dr. Liu's entire opinion and essentially adopted his limitations regarding her ability to walk, bend, kneel, and work around dust and other pulmonary irritants. (Tr. 15-16, 18-19). The ALJ did not, however, adopt Dr. Liu's limitation regarding Mancuso-Rosner's ability to reach over her head, nor did she provide any explanation for rejecting this particular limitation. Had the ALJ adopted Dr. Liu's reaching limitation, she might very well have found Mancuso-Rosner disabled given that the vocational expert testified that Mancuso-Rosner could not perform her past relevant work at step four or the three representative occupations identified at step five if her RFC limited her to only occasional reaching. (Tr. 76-78).

Contrary to the Commissioner's suggestion in her brief (Dkt. No. 15-1 (Deft. Memo. of Law) at 10), Mancuso-Rosner's testimony at the ALJ hearing that she can in fact reach over her head does not support the ALJ's decision to reject Dr. Liu's reaching limitation. First, the ALJ did not cite Mancuso-Rosner's testimony as a reason for rejecting the limitation, thus precluding the Commissioner from relying on this particular testimony on appeal. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (internal quotation marks and citation omitted). Second, although Mancuso-Rosner testified that she can reach over her head (Tr. 60), she further testified that doing so causes her pain and she is unsure whether she can reach repetitively (Tr. 61), which is largely consistent with Dr. Liu's opinion that she has a mild to moderate limitation in overhead reaching.

Accordingly, for these reasons, the ALJ erred by affording great weight to Dr. Liu's opinion while simultaneously rejecting without explanation the portion of his opinion that Mancuso-Rosner has a mild to moderate limitation in overhead reaching. Remand to the Commissioner for further administrative proceedings is thus required. On remand, the ALJ should either incorporate Dr. Liu's reaching limitation into her RFC assessment or explain why this limitation is not warranted. The ALJ should also consider on remand Mancuso-Rosner's arguments that the ALJ failed to properly analyze her neuropathy, degenerative disorders, and diabetes throughout the five-step sequential evaluation process and that the ALJ misassessed her credibility. (*See* Dkt. No. 11-1 (Pltf. Memo. of Law) at 14-23, 26-30).

## **CONCLUSION**

For the foregoing reasons, Mancuso-Rosner's motion for judgment on the pleadings (Dkt. No. 11) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 15) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: February 19, 2019
Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge